**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DOUGLAS SULLINGER,

       Plaintiff,

v.   Case No:   6:22-mc-8-RBD-LHP

CAROL SULLINGER,

       Defendant

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED AND SUPPLEMENTAL MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS UNDER FLA. STAT. § 57.115 (ENTITLEMENT) (Doc. No. 25)**
>
> **FILED:** December 6, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I. **INTRODUCTION.**

On February 2, 2022, the United States District Court for the Northern District of Ohio Western Division entered a judgment against Douglas Sullinger ("Judgment Debtor") and in favor of Carol Sullinger ("Judgment Creditor"), in a total amount of $70,698.76, plus interest. Doc. No. 1-1. The February 2, 2022 judgment stemmed from a sanctions award of fees and costs imposed against the Judgment Debtor for filing bad faith litigation against Judgment Creditor. *See* Doc. No. 25-1. The docket also reflects that Judgment Creditor and Judgment Debtor are in the midst of a divorce. *See id. See also* Doc. Nos. 10–11, 27.[1]

On March 30, 2022, Judgment Creditor registered a copy of the foreign judgment in this Court. Doc. Nos. 1, 1-1. The docket reflects that from at least August 2022 through November 2022, Judgment Creditor engaged in efforts to collect on the foreign judgment, via garnishment proceedings, written discovery, and third-party discovery. *See, e.g.*, Doc. Nos. 2–23. According to the parties' filings, on November 17, 2022, Judgment Debtor paid the foreign judgment in full. Doc. No. 25, at 5. *See also* Doc. No. 29.

---

[1] It is not clear from the docket whether the divorce proceedings have concluded. *See, e.g.*, Doc. No. 27, at 2 ("The Divorce case was supposed to be resolved in December of 2022, but based upon information relayed to the undersigned, the case was not completed during its scheduled docket in December of 2022 and will continue in February of 2023.").

Now, by the present motion, filed on December 6, 2022, Judgment Creditor seeks an Order finding that she is entitled to attorneys' fees and costs pursuant to Fla. Stat. § 57.115, for her post-judgment collection efforts.   Doc. No. 25.   Judgment Creditor estimates that her total fees and costs are approximately $27,000.00.   *Id.* at 1.   Judgment Debtor opposes.   Doc. No. 27.

The matter has been referred to the undersigned, and it is ripe for review.

## II.    LEGAL FRAMEWORK.

The Federal Rules of Civil Procedure provide that enforcement of a money judgment by way of execution "must accord with the procedure of the state where the court is located."   Fed. R. Civ. P. 69(a)(1).   The judgment creditor may conduct discovery as provided in the Federal Rules of Civil Procedure or the procedural rules of the state where the court is located.   Fed. R. Civ. P. 69(a)(2).

As relevant here, Florida Statute § 57.115 provides:

(1) The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment.

(2) In determining the amount of costs, including attorney's fees, if any, to be awarded under this section, the court shall consider:

>  (a) Whether the judgment debtor had attempted to avoid or evade the payment of the judgment; and

>  (b) Other factors as may be appropriate in determining the value of the services provided or the necessity for incurring costs in connection with the execution.

Fla. Stat. § 57.115.[2]

An award of fees under § 57.115 is discretionary. *See D'Agostino v. Keitel*, No. 18-CV-80460, 2019 WL 5209638, at *4 (S.D. Fla. Sept. 27, 2019), *report and recommendation adopted*, 2019 WL 11505325 (S.D. Fla. Oct. 22, 2019). But the consideration under subsection (2) of the statute as to whether the borrower attempted to avoid or evade paying the judgment "is a consideration for the court as to the amount of fees and costs—not entitlement." *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 192 (Fla. 4th Dist. Ct. App. 2018).

## III.   ANALYSIS.

In her motion, Judgment Creditor sets forth several post-judgment efforts to collect on the foreign judgment, including written discovery served on Judgment Debtor, written discovery (subpoenas duces tecum for the production of documents without deposition) served on third-party entities over which Judgment Debtor exercises control, motions to compel related thereto, and the setting of a third-party deposition and issuance of a subpoena duces tecum to a former employee of the third-party entities. Doc. No. 25, at 4–5, 6. Judgment Creditor also asserts that she incurred costs in recording the foreign judgment in Florida to create a judgment

---

[2] Fla. Stat. § 57.115 does not apply to garnishment proceedings. *See Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th Dist. Ct. App. 2016) (citing *Paz v. Hernandez*, 654 So. 2d 1243 (Fla. 3d Dist. Ct. App. 1995)). Judgment Creditor acknowledges as much, and states that she will not be seeking recovery associated with the writs of garnishment issued in this case. Doc. No. 25, at 7 & n.1.

lien on Judgment Debtor's property. *Id.* at 4. Judgment Creditor contends that because her collection efforts were "in direct connection to . . . execution on the[] judgment" an award of fees and costs under Fla. Stat. § 57.115 is warranted. *Id.* at 6–7. She further urges the Court to take into consideration that the underlying judgment was entered as a sanction against Judgment Debtor. *Id.* at 9–10.

Judgment Debtor opposes. Doc. No. 27. In response, he argues that the parties' divorce proceedings have been contentious and expensive, that he informed Judgment Creditor that he would produce responsive discovery but was simply unable to do so "on the timeline mandated by opposing counsel," and opposing counsel refused to enter into Judgment Debtor's proposed protective order regarding document production. *Id.* at 1–5. Judgment Debtor also contends that he informed Judgment Creditor that he wished to resolve the matter, and expeditiously paid the foreign judgment in full within three months of being informed of these post-judgment proceedings, but yet Judgment Creditor "continued to aggressively engage in [unnecessary] discovery." *Id.* at 5, 6. So, Judgment Debtor asks the Court to consider the expediency of his payment, and that the parties are in the midst of a divorce, in determining whether to exercise its discretion to award fees under Fla. Stat. § 57.115. *Id.* at 6.

Upon review, case law addressing Fla. Stat. § 57.115 on a fee motion is sparse. However, courts have found an award of fees under § 57.115 appropriate when the

creditor seeks to recover for collection efforts rendered in direct connection to execution of the judgment. *See, e.g.*, *Flava Works, Inc. v. A4A Reseau, Inc.*, No. 14-23208-CIV, 2018 WL 1863638, at *6 (S.D. Fla. Feb. 13, 2018) ("[T]he Undersigned respectfully recommends that the District Court conclude that Defendants are entitled to attorney's fees and costs under § 57.115 because all collection efforts have been rendered in direct connection to Defendants' execution on their judgment."), *report and recommendation adopted*, 2018 WL 1859322 (S.D. Fla. Mar. 15, 2018). *See also D'Agostino*, 2019 WL 5209638, at *4, *report and recommendation adopted*, 2019 WL 11505325 (S.D. Fla. Oct. 22, 2019).

Upon consideration, Judgment Debtor's arguments in opposition to fees do not really address entitlement, but rather concern any amount ultimately to be awarded. *See D'Agostino*, 251 So. 3d at 192 (whether the debtor attempted to avoid or evade paying the judgment "is a consideration for the court as to the amount of fees and costs—not entitlement" under § 57.115). And although Judgment Debtor ultimately paid the foreign judgment in full, the docket reflects that he opposed Judgment Creditor's efforts to collect on the judgment prior to that payment. *See, e.g.*, Doc. Nos. 10–11.[3]   Under these circumstances, I will recommend that the Court

---

[3] Although Judgment Debtor suggests that he was simply unable to produce responsive discovery "on the timeline mandated by opposing counsel," Doc. No. 27, at 3, Judgment Debtor notably never filed a motion for an extension of time to produce responsive materials by the deadlines set forth in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33, 34.

exercise its discretion to find Judgment Creditor entitled to fees and costs under Fla. Stat. § 57.115 for her post-judgment collection efforts rendered in direct connection to execution of the judgment.  *See Flava Works, Inc.*, 2018 WL 1863638, at *6, *report and recommendation adopted*, 2018 WL 1859322 (S.D. Fla. Mar. 15, 2018) (awarding fees under § 57.115); *D'Agostino*, 2019 WL 5209638, at *4, *report and recommendation adopted*, 2019 WL 11505325 (S.D. Fla. Oct. 22, 2019) (same).  *See also D'Agostino*, 251 So. 3d 188 (affirming award of fees under § 57.115).

### IV.   RECOMMENDATION.

For the reasons stated herein, I respectfully **RECOMMEND** that the Court **GRANT** Judgment Creditor's Amended and Supplemental Motion for Award of Attorney's Fees and Costs Under Fla. Stat. § 57.115 (Entitlement) (Doc. No. 25), **FIND** Judgment Creditor entitled to an award of fees and costs pursuant to Fla. Stat. § 57.115, and **ORDER** the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 3, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy