UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUGLAS SULLINGER,

    Plaintiff,

v.                                             Case No. 6:22-mc-8-RBD-LHP

CAROL SULLINGER,

    Defendant.
_____

**ORDER**

Before the Court are Defendant's motion for entitlement to attorney's fees and costs (Doc. 25 ("Motion")), U.S. Magistrate Judge Leslie Hoffman Price's Report and Recommendation (Doc. 31 ("R&R")), and Plaintiff's objection (Doc. 32 ("Objection")). Plaintiff's Objection is due to be overruled, the R&R adopted, and the Motion granted.

In February 2022, another district court entered a money judgment in favor of Defendant against Plaintiff as sanctions for Plaintiff's filing of bad faith litigation. (*See* Docs. 1-1, 25-1.) In March 2022, Defendant registered a copy of that foreign judgment with this Court. (Docs. 1, 1-1.) From August to November 2022, Defendant made efforts to collect on the judgment until Plaintiff fully paid it in November 2022. (*See* Doc. 9; Doc. 25, pp. 4–6; Doc. 29, ¶ 2.)

Defendant now moves for entitlement to attorney's fees and costs for post-judgment collection efforts pursuant to Florida Statutes § 57.115. (Doc. 25.) Plaintiff opposes. (Doc. 27.) On referral, Judge Hoffman Price recommends the Court grant the Motion. (Doc. 31.) Plaintiff objects and Defendant responds to the Objection. (Docs. 32, 33.) The matter is ripe.

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Judge Hoffman Price recommends finding Defendant is entitled to attorney's fees and costs without considering the circumstances of the debt collection. (Doc. 31.) Plaintiff objects, arguing that the Court should consider the circumstances in deciding Defendant's entitlement to fees. (Doc. 32.) The Court agrees with Judge Hoffman Price.

The law of the state where a court is located governs the procedures applied to the execution of a money judgment. *See* Fed. R. Civ. P. 69(a). Under Florida law, the Court may award a judgment creditor reasonable costs and fees she incurred in trying to execute a judgment. *See* Fla. Stat. § 57.115(1). When determining the amount of fees, if any, to award, the Court considers whether the debtor sought to

avoid paying the judgment and the quality of the creditor's efforts, such as "the value of the services provided or the necessity for incurring costs in connection with the execution." Fla. Stat. § 57.115(2).

Here, Defendant made several post-judgment efforts to collect on the judgment, such as serving written discovery on Plaintiff and third-parties Plaintiff controls and moving to compel that discovery. (Doc. 9; Doc. 25, pp. 4–6.) So the Court agrees with Judge Hoffman Price that Plaintiff is entitled to attorney's fees and costs for these efforts. *See* Fla. Stat. § 57.115(1); *Tower Cranes of Am., Inc. v. Monte Campbell Crane Co.*, 627 So. 2d 1350 (Fla. 4th DCA 1993). As for Plaintiff's Objection, Judge Hoffman Price is correct that Plaintiff's reliance on subsection two of § 57.115—which focuses on the amount of fees to be awarded as opposed to entitlement—is misplaced and premature. (*See* Doc. 31, pp. 6–7); *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 192 (Fla. 4th DCA 2018) ("[W]hether the borrower attempted to avoid or evade paying the judgment is a consideration for the court as to the amount of fees and costs—not entitlement."). So Plaintiff's Objection is due to be overruled and the R&R adopted.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 32) is **OVERRULED**.

2. The R&R (Doc. 31) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

3

3. Defendant's Motion (Doc. 25) is **GRANTED**:

   a. Defendant is **ENTITLED** to an award of fees and costs pursuant to Florida Statutes § 57.115.

   b. The parties are **DIRECTED** to comply with the procedures set forth in Local Rules 7.01(c) and (d) for a determination of the amount.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 30, 2023.

*[Signature]*

ROY B. DALTON JR.
United States District Judge